H. A. Turley v. The State.

No. 554.   Decided April 19, 1910.

**Giving Intoxicating Liquor to Minor—Insufficiency of the Evidence.**

Where, upon trial of giving intoxicating liquors to a minor, the evidence failed to show that the defendant gave the said liquor to the minor, but simply asked him if he ever drank, leaving a bottle of whisky on the shelf, out of which he had drunk, and going away.

Appeal from the County Court of Knox. Tried below before the Hon. J. H. Milam.

Appeal from a conviction of unlawfully giving intoxicating liquors to a minor; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with giving intoxicating liquors to a minor. The evidence shows that appellant and the alleged minor, a boy 18 years of age, were employes of a livery stable owner, and apparently occupied the same room, at least the boy testified that he was sleeping in the room, and appellant's trunk was in the room. He further testified that appellant came into the room and went to his trunk and got out a bottle of whisky. That after getting it out he asked the boy if he ever took a drink, who replied that he did. Appellant then set the bottle of whisky up on a shelf and went away. Some time after appellant left the boy got up, took a drink of whisky, and he says he put the bottle back in appellant's trunk. This is the State's case. The owner of the stable testified that he came into the room where appellant and the boy were. The boy was in bed; that he and appellant hitched the team to the ice wagon and went off together on the wagon. It is further disclosed by the testimony that some time after this, but the same morning, about 8 or 8:30, as well as can be concluded from the facts, another boy, or perhaps, other boys, came in, and the first State's witness, who says he drank appellant's whisky went to appellant's trunk, got out the bottle and they all drank from it, and the inference is, from the testimony and bill of exceptions, these boys became intoxicated. There seems to have been some commotion in regard to this matter, and it was investigated by the officers. This is about the condition of the record, although it is not clear by any means as to what did occur with reference to the other boys becoming intoxicated. The State's case, as before stated, is as testified by the first witness, to the effect that appellant asked him if he ever took a drink of whisky, who said he did; appellant set the bottle on a shelf, went away and did not re-

turn. We are of opinion under this record, and the testimony as disclosed by it, that it is not sufficient to justify the conviction. The evidence does not show that appellant gave the whisky to the boy, unless it be found in the fact that he asked him if he ever drank, and the further fact that he set the bottle of whisky on the shelf. The boy did not then drink, under his testimony, nor for some time afterward. Therefore the judgment is reversed and the cause is remanded.

*Reversed and remanded.*